UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LaTAUSHA DeBOISE,               )
                               )
        Plaintiff,             )
                               )
    vs.                        )          Case No. 4:11CV00290 AGF
                               )
SPECIAL SCHOOL DISTRICT,        )
                               )
        Defendants.            )

## MEMORANDUM AND ORDER

This Title VII action is before the Court on Defendant's motion for a more definite

statement.  Plaintiff filed this action pro se in state court.  Defendant removed the action

to this Court based on federal question jurisdiction.  Defendant now argues that Plaintiff

should be required to file an amended complaint that sets out her claims by numbered

paragraph and with more factual specificity.   Defendant notes that some allegations in

the complaint appear not to have been the subject of an administrative charge filed with

the Equal Employment Opportunity Commission, and thus do not appear to have been

administratively exhausted.

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more

definite statement in response to a pleading that is "so vague or ambiguous that the party

cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "A pleading that meets

Rules 8(a)'s notice pleading standard and puts the other party on notice of the claim does

not provide a basis for requesting a more definite statement." <u>Blankenship v. Chamberlain</u>, 695 F. Supp. 2d 966, 977 (E.D. Mo. 2010) (citation omitted). However, when a "'pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before responding.'" <u>Whitehead v. City of St. Louis</u>, No. 4:09CV483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009) (quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002)).

Here, the Court concludes that Defendant can reasonably be expected to prepare a response to Plaintiff's claims that Defendant failed to promote her and retaliated against her during the 2008-2009 and 2009-2010 school years, in violation of Title VII. Any failure by Plaintiff to exhaust her administrative remedies would more properly be the subject of a motion to dismiss or for summary judgment than a motion for a more definite statement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a more definite statement is **DENIED**. [Doc. #7]

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2011.